■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS J. WALSH, Appellant.— The reception of the codefendant's plea of guilty, in the presence of the jury, was highly prejudicial and deprived defendant-appellant of a substantial right, and particularly so when followed, first, by the reception in evidence of appellant's confession (repudiated by him) in which the presence and participation of both defendants was recited and, second, by the prosecutor's reference in summation to the codefendants' admissions with respect to the defendants' joint participation in the crime. Judgment reversed on the law and the facts and in the interests of justice and a new trial directed. Gibson, Herlihy and Taylor, JJ., concur; Bergan, P. J., dissents in a memorandum in which Reynolds, J., concurs, and votes to affirm. Bergan, P. J. (dissenting): The effect of reversal of this judgment on the ground that the plea of the codefendant was taken in the presence of the jury is that no such plea will be taken in these circumstances. This is largely a discretionary matter in the judicial management of the trial and no such rigid rule should be indicated. Reynolds, J., dissents, in a memorandum in which Bergan, P. J., concurs, and votes to affirm. Reynolds, J. (dissenting): The evidence to support the jury's verdict is very strong. A statement signed by appellant was introduced admitting his guilt, and the police officers involved and both victims testified that appellant readily admitted to them his involvement. Further the victim who was shot identified appellant as his assailant both at the hospital and at the trial. There is also testimony that the appellant directed the police to the place where he and his alleged accomplice disposed of items of apparel worn at the time of the commission of the crime and that appellant admitted ownership of the weapon involved which had been found in his alleged accomplice's car. Originally appellant and one Thomas A. Stiffen, allegedly appellant's accomplice in the crime involved, were to be tried in the same action. However, after the jury was impaneled but before any evidence was taken Stiffen indicated to the court, in the absence of the jury, that he wished to change his plea from not guilty to guilty. The court then recalled the jury and in their presence allowed Stiffen to change his plea. (Code Crim. Pro., § 335.) Appellant and his counsel were present at the time Stiffen indicated that he was about to change his plea and heard the Judge state his intention to take such plea in the presence of the jury and yet made no objection to this procedure. After the plea, however, appellant immediately moved for a mistrial which was denied. The Trial Judge in his charge made it clear to the jury that Stiffen's plea was not to be considered by them in reaching their determination. He stated: " I also admonish you, in connection with the Defense here, that the defendant may not be prejudiced at all merely because Stiffen, who was indicted with him, did plead guilty to the two counts of the indictment. That fact may not be held by you as against this defendant and, for that matter, it may not be held by you as in

his favor either." On the entire record in my view the refusal to grant a mistrial in the instant case did not constitute reversible error. Nor is there any basis for reversal on the other grounds raised by appellant. The judgment of conviction should be affirmed.