STATE OF CONNECTICUT *v.* FRANKLIN BOWDEN

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 16558
AT NEW HAVEN

Memorandum filed September 22, 1970

*John J. Kelly,* assistant state's attorney, for the state.

*John R. Williams* and *Jonathan Waxman,* both of New Haven, for the defendant.

GRILLO, J. The defendant, charged with the crime of possession of narcotic drugs in violation of § 19-481 (a) of the General Statutes, has filed a motion for discovery and inspection. The state resists that part of the motion requesting the following information and/or material: (a) The records of any and all prior felony convictions of, and all criminal charges presently pending against, any and all prospective prosecution witnesses. (b) The results or reports of any and all tests and experiments, including but not limited to all photographs and comparisons of fingerprints, and of all tests performed upon all alleged narcotics. (c) A list of the names and addresses of all known witnesses to the alleged crime. (d) Any and all statements relevant to this case, written, or oral and subsequently reduced to writing, of any and all prospective prosecution witnesses. (e) Any and all statements relevant to this case, written, or oral and subsequently reduced to writing, of any and all persons who are not prospective prosecution witnesses. (f) Any and all diagrams, charts, maps or photographs of the scene of the alleged crime or of any alleged victim thereof. (g) All records of electronic surveillances of any person or place which have directly or indirectly contributed to the state's case against the defendant.

The position of the state is that the items and information sought are not within the categories listed in § 54-86a of the General Statutes and thus are not producible, the state insisting that Connecti-

cut recognizes only the limited pretrial discovery enunciated in the statute. A determination of that issue need not be made herein, since what the defendant seeks is not to add other categories to those set forth in the statute; rather, he seeks discovery of items and data which he contends are exculpatory and thus authorized by § 54-86a (a) (1) of the General Statutes. It might be noted, however, that there exist varied views as to whether criminal discovery or inspection is limited by statute or whether the court has inherent power to allow discovery without reference to the statutory limitations. See note, 7 A.L.R.3d 8, 20 § 2a; 23 Am. Jur. 2d, Depositions and Discovery, § 308.

In order for the court to grant this contested request, the defendant must make a proper showing that the items sought may be material to the preparation of his defense and that the request is reasonable. General Statutes § 54-86a (a). Blanket requests made under motion for discovery should demonstrate a better cause for inspection than a mere desire for the benefit of information which has been obtained by the prosecution in its investigation of a crime. *People* v. *Cooper*, 53 Cal. 2d 755, 770. There must be a showing of facts indicating that inspection is necessary to a fair trial. *United States* v. *Louis Carreau, Inc.*, 42 F.R.D. 408, 412. "[I]ndiscriminate, free-wheeling, shotgun demands" are not countenanced. *United States* v. *King*, 49 F.R.D. 51, 53. Prosecution evidence must, however, be disclosed to protect basic constitutional rights; *State* v. *DiNoi*, 59 R.I. 348, 357; or where a disclosure is otherwise necessary for a fair trial or in the interest of justice. *Cash* v. *Superior Court*, 53 Cal. 2d 72, 75.

With reference to the definition of the word "exculpatory," one writer has suggested that the criterion be "evidence that might reasonably affect

the outcome of the jury's deliberations." Note, "The Duty of the Prosecutor to Disclose Exculpatory Evidence," 60 Colum. L. Rev. 858, 870. "Exculpatory" has been defined to mean "clearing, or tending to clear, from alleged fault or guilt." *Moore* v. *State,* 124 Tex. Crim. 97, 100; *Baird* v. *State,* 156 Tex. Crim. 644; see 33 C.J.S. 115.

As to the disclosure sought in paragraph (a) above: The apprehension underlying opposition to pretrial disclosure of the names of potential prosecution witnesses has been the subject of comment. Comment, "Pre-Trial Disclosure in Criminal Cases," 60 Yale L.J. 626, 633; see Goldstein, "The State and the Accused: Balance of Advantage in Criminal Procedure," 69 Yale L.J. 1149, 1183. To deny an accused information relating to an essential step necessary for cross-examination of a witness is, however, to deny a substantial right and to withdraw one of the safeguards essential to a fair trial. *Alford* v. *United States,* 282 U.S. 687, 692. It is obvious that defense counsel, armed with information concerning the pendency of charges against a prosecution witness or of his conviction of a crime *(Heating Acceptance Corporation* v. *Patterson,* 152 Conn. 467, 472; *State* v. *Perelli,* 128 Conn. 172, 180), would most likely propound questions concerning circumstances tending to suggest a hope or expectation of leniency productive of a motive or interest likely to affect the witness' testimony. See *State* v. *Tropiano,* 158 Conn. 412, 426. The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend. *Napue* v. *Illinois,* 360 U.S. 264, 269. Federal judicial opinion has expressed disapproval of a decision of an assistant district attorney not to inform the defense that a key witness

was under indictment, emphasizing that "it would have been wiser to disclose such evidence, regardless of the probability that it might be inadmissible." *United States* v. *Acarino,* 408 F.2d 512, 516.

With reference to the desire of the defendant to obtain records of felony convictions of prosecution witnesses: Trial experience has demonstrated that proof of a witness' having been convicted of a felony could reasonably debilitate his direct testimony and swing the pendulum in favor of the party eliciting that fact in cross-examination. Furthermore, although it is presumed that a state's attorney will do his duty; *State* v. *Lenihan,* 151 Conn. 552, 555; and introduce all evidence tending to aid in ascertaining the truth, whether or not it be consistent with the contention of the prosecution that the accused is guilty; *State* v. *Zimnaruk,* 128 Conn. 124, 127; the accused need not, insofar as the present issue is concerned, be required to await the occurrence of the performance of that duty to obtain the information he seeks.

As to the remaining paragraphs of the motion: The entire motion encompasses thirteen paragraphs, and although these include a demand for the special material and information set forth above and claimed to be exculpatory, the motion adds a catch-all request for "any and all exculpatory information and materials." It requests "diagrams, charts, maps, photographs . . . of any alleged victim" of the crime—a curious request and, that aside, one wholly inapplicable to the crime alleged in the information—possession of narcotics. There is no claim (and apparently there can be none) that reports, such as those pertaining to narcotics tests, are sought because the primary source is no longer in existence. See *People* v. *Perrell,* 47 Misc. 2d 1024 (N.Y.); *State ex rel. Sadler* v. *Lackey,* 319 P.2d 610, 611 (Okla.

Crim. Ct. App.). Again, other statements requested will be available to the defendant, immediately after a prosecution witness has testified, for his use. General Statutes § 54-86b. Suffice it to say, the motion represents an indiscriminate, wholesale, and blanket demand lacking any demonstration that the material sought will have a tendency to clear the defendant from alleged fault or guilt. That is to say, there is nothing to show that the requested information is exculpatory, the premise upon which the defendant's motion is predicated. There is no showing that the requested material is necessary for a fair trial. In short, the defendant has failed to sustain his burden to justify discovery and inspection or to show sufficient reason why inspection should be allowed.

In view of the above, the court makes the following order with reference to the information sought in paragraph (a) above: The state will, prior to the calling of a prosecution witness, furnish counsel for the defendant with any record it has relative to prior felony convictions of that witness and any record it has relative to any criminal charges pending against the witness as of the date that witness is called upon to testify. It can be assumed that if this procedure necessitates a recess in the trial proceedings that question can be determined by the trial judge. General Statutes § 54-86a (b).

The remaining portions of the motion set forth above, (b), (c), (d), (e), (f) and (g), are denied in toto.