STATE OF CONNECTICUT *v.* LOUIS DELLACAMERA

HOUSE, C. J., COTTER, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued December 11, 1973—decision released July 2, 1974

*Anthony J. Lasala,* special public defender, for the appellant (defendant).

*Jerrold H. Barnett,* assistant state's attorney, with whom were *Ernest J. Diette, Jr.,* assistant state's attorney, and, on the brief, *Arnold Markle,* state's attorney, for the appellee (state).

LOISELLE, J.  The defendant, Louis DellaCamera, was convicted in a jury trial of two counts of indecent assault and one count of conspiracy to commit the crimes of rape, indecent assault, sodomy, robbery with violence and aggravated assault.  The defendant's motion to set aside the verdict was denied by the trial court.  From the judgment rendered thereon, he has appealed, assigning error in certain rulings on evidence, in the court's refusal to grant a motion for a mistrial and in the court's refusal to allow him to examine exhibits for identification to aid him in his appeal.  This was a companion case to *State* v. *Clemente,* ante, 501, and *State* v. *Esposito,* ante, 550, both decided this day.

In the late evening of April 12 and the early morning hours of April 13, 1969, two young females and one young male, the complaining witnesses, were subjected to a series of sexual assaults by a group of males belonging to a motorcycle club known as the Slumlords.  Reference is made to *State* v. *Clemente,* supra, for more detailed facts.  Among those who allegedly forced both of the female complaining witnesses to commit indecent assaults upon him and who conspired with others that rape, aggravated assaults and indecent assaults be committed was the defendant, Louis DellaCamera.  During the trial both female complaining witnesses identified the defendant as one of the persons who forced them

to commit an indecent assault on him and the male complaining witness identified the defendant as having been in the station wagon that evening.

The defendant has assigned as error two rulings made by the court denying discovery motions under § 54-86b of the General Statutes.

On direct examination the two female complaining witnesses described the series of assaults which they were forced to commit on the evening of April 12 and the early morning of April 13, 1969. When the defendant entered the station wagon, one of the girls noticed he had a marred complexion and fairly long, straight hair. The other gave a verbal description of the defendant to the police from what she remembered from the night of April 12, 1969. Each of the two female complaining witnesses had furnished the police with written statements relating to their direct testimony. One gave five statements and the other gave six statements. The defendant requested the statements of the first female complaining witness from the state's attorney as of right under § 54-86b. The court had previously made it abundantly clear that it would not recognize the validity of the statute. It had also previously stated to all counsel that it would examine any statement to determine if there were inconsistencies under the rule of such cases as *Hurley* v. *Connecticut,* 118 Conn. 276, 284, 172 A. 86. When counsel for the defendant made the motion to have the statements turned over to him, the court questioned counsel as to whether the statute was the only basis upon which he sought to have the statements handed to him. To the court's inquiry, counsel answered: "Yes, your Honor. I move the State's Attorney be ordered to produce the statements given by. . . [the witness]

on April 13, 17, 18, 21, 23 and 30 in accordance with the provisions of Public Act 680 [General Statutes § 54-86b]." The court denied the motion. When the second female complaining witness had testified, the same motion was made. The court stated: "I take it that you are also making the request through the Court by motion, Mr. Trotta [counsel for Esposito], strictly and solely under Public Act 680? . . . That is also true in the case of Mr. Kline [counsel for defendant]?" Mr. Kline: "Yes, your Honor." The record does not indicate any change of position on the demand nor is any other position claimed in the brief.

In addition to the issues raised in the case of *State* v. *Clemente,* supra, as to § 54-86b, this defendant claims that the validity of the statute has been implicitly recognized in at least two cases. In his brief, the defendant refers to *State* v. *Menillo,* 159 Conn. 264, 279–80, 268 A.2d 667, and *State* v. *Bowden,* 29 Conn. Sup. 86, 272 A.2d 141, which deal with § 54-86b without raising the question of the statute's validity under the state constitution. From this, the defendant concludes without further discussion that the trial court was in error in its rulings on the statute. *State* v. *Moynahan,* 165 Conn. 560, 592, 325 A.2d 199, cert. denied, 414 U.S. 976, 94 S. Ct. 291, 38 L. Ed. 2d 219, may be added to the defendant's list, although in that case the court indicated some question as to whether § 54-86b would be binding on the Superior Court. The short answer to the defendant's argument is that a case or a series of cases which merely mention or apply a statute without questioning its validity cannot serve as binding precedent on that issue. See *Finn* v. *Planning & Zoning Commission,* 156 Conn. 540, 544, 244 A.2d 391. Constitutional issues are not considered

unless absolutely necessary to the decision of a case; *Crandall* v. *State,* 10 Conn. 339, 366; 16 Am. Jur. 2d, Constitutional Law, §§ 111, 113; or unless sufficient public interest warrants such a review. *State* v. *Sul,* 146 Conn. 78, 83–84, 147 A.2d 686; *Cyphers* v. *Allyn,* 142 Conn. 699, 702, 118 A.2d 318. The restricted nature of judicial review in this area serves to emphasize further the general rule that a case stands only for those points explicitly covered in a decision. See *State* v. *Darwin,* 161 Conn. 413, 421–22, 288 A.2d 422. The defendant's position that the validity of a statute may be decided implicitly is clearly inconsistent with these principles.

While the defendant has not phrased his argument in terms of acquiescence, his claim cannot be dismissed without acknowledging this principle. It is true that rules of court derive from custom and convention as well as from the formally promulgated sections of the Practice Book. See *Adams* v. *Rubinow,* 157 Conn. 150, 156, 251 A.2d 49. In this case, however, the ruling of the trial court on the invalidity of § 54-86b came shortly after the effective date of the act. Subsequent acts of the Superior Court, either in adding provisions to the Practice Book which parallel the statute or in collectively applying the statute, have no effect on this case. It is also true that long acquiescence in repeated acts of legislation on particular matters is a highly persuasive factor to be considered in examining legislation. *Sanger* v. *Bridgeport,* 124 Conn. 183, 190, 198 A. 746; see *Snyder* v. *Newtown,* 147 Conn. 374, 386, 161 A.2d 770, appeal dismissed, 365 U.S. 299, 81 S. Ct. 692, 5 L. Ed. 2d 688. This factor was considered in *State* v. *Clemente,* supra, but was insufficient to overcome the other principles discussed in that decision. Review of a statute which might be

deemed procedural or otherwise an appropriation of the judicial power is not precluded by the fact that the issue has not been raised over a period of time. "If the invalidity of the enactment is evident beyond a reasonable doubt, our duty, delicate as the task may be, is to nullify the statute." *Cahill* v. *Leopold,* 141 Conn. 1, 10, 103 A.2d 818, overruled (on other grounds), *Butterworth* v. *Dempsey,* 229 F. Sup. 754, 760 (D. Conn.); *State* v. *Clemente,* supra.

The court was not in error in refusing to be bound by § 54-86b and in holding that if counsel requested prior statements of witnesses on the stand, they were to follow recognized procedures. *State* v. *Clemente,* supra.

The defendant also claims the court erred in a second set of rulings on § 54-86b. After the testimony of the first female complaining witness that she had made statements to the police, the court denied the defendant's motion for production of the statements under § 54-86b. The defendant then moved that the testimony of the witness be stricken pursuant to § 54-86b. The court denied the motion and an exception was taken. This process repeated itself after the testimony of the other female complaining witness. The second portion of the statute, § 54-86b (b),[1] provides that where a court orders the production of statements, and the prosecution fails to comply with the order, the testimony of the witness whose statements are not produced shall

---

[1] "[General Statutes] Sec. 54-86b. RIGHT OF ACCUSED TO EXAMINE STATEMENTS. . . . (b) If the prosecution fails to comply with the order of the court, the court shall strike from the record the testimony of the witness and the trial shall proceed unless the court in its discretion shall determine that the interests of justice require that a mistrial be declared."

be stricken. The defendant's claim fails for two reasons: First, since the court did not order production of the statements, the defendant lacked the proper foundation for proceeding under part (b) of the statute. Second, "[w]here two or more parts of a statute are challenged, the test is whether they are so mutually connected and dependent as to indicate a legislative intent that they should stand or fall together." *Amsel* v. *Brooks,* 141 Conn. 288, 300, 160 A.2d 152, appeal dismissed, 348 U.S. 880, 75 S. Ct. 125, 99 L. Ed. 693. Part (a) and part (b) of § 54-86b are so interdependent that they are indivisible. Part (b) of § 54-86b must fall with the decision in *State* v. *Clemente,* supra; *Walsh* v. *Jenks,* 135 Conn. 210, 217, 62 A.2d 773; see *State* v. *Watson,* 165 Conn. 577, 596, 345 A.2d 532.

While the appeal in this case was pending, the defendant filed a motion to the trial court for permission to examine the written statements of witnesses which had been made exhibits for identification whenever the court refused to order production under § 54-86b. The motion was denied and this denial was made an assignment of error. This issue was already presented to this court in a motion for review, but the motion was denied; *State* v. *Della-Camera,* 162 Conn. 646, 286 A.2d 622; thereby postponing review until this time. In light of the ruling on § 54-86b in the present case, the question no longer need be considered. The motion was based on the necessity for the defendant to show the harmful nature of the court's erroneous rulings on § 54-86b. Since those rulings were not in error, harmful error could not be shown, and the defendant could not have been prejudiced by the denial of the motion for examination.

The defendant's next claim of error is based upon the denial of his motion for a mistrial. The motion was predicated upon the alleged prejudicial effect of the court's announcement to the jury of the guilty plea of a codefendant, Leo Bruton. Prior to entering a plea of guilty to conspiracy and narcotics charges, Bruton and his attorney had been present at the counsel table for the first three weeks of the trial. DellaCamera, the defendant in this appeal, was also charged with conspiracy to commit the crimes of rape, indecent assault, sodomy, robbery with violence and aggravated assault, and one of his alleged coconspirators was Bruton. On the same day as Bruton's plea, October 31, 1969, the court instructed the jury that Bruton's action was to have absolutely no bearing or reflection upon the charges against the remaining codefendants and that the state's burden of proof remained the same.[2] At that time, the defendant did not object to the court's

[2] "What has happened this morning is that the defendant Bruton, who is represented by Mr. Mirto — you see there are two vacant chairs. Now, Mr. Bruton has changed his plea as to the second and third counts. You will recall that he was charged in the second count with conspiracy and in the third count with violating the narcotics act. So he has now pleaded guilty to the charge of conspiracy in the second count and he has pleaded guilty to the narcotics violation in the third count.

"Now, I want to make this emphatically clear to you. What Mr. Bruton has done concerns Mr. Bruton only and it has absolutely no bearing or reflection on the other defendants who remain here on trial before you. These defendants have pleaded not guilty. They have not changed their plea. They have pleaded not guilty and the plea of not guilty still stands. They are on trial and, insofar as they are concerned, the State has the burden, as I explained to you in the beginning, of proving their guilt beyond a reasonable doubt. You are here for the purpose of listening to the evidence to determine whether the State has sustained its burden of proof. So actually you will have on trial before you the cases dealing with the defendant DellaCamera, with the defendant Ardito, and with the

instructions,[3] but on Tuesday, November 4, 1969, counsel moved for a mistrial. The motion was denied by the court and the defendant took an exception.

The defendant relies upon *State* v. *Pikul,* 150 Conn. 195, 198, 187 A.2d 442, to support his claim. He argues that despite its cautionary instructions, the trial court's announcement irreparably prejudiced the remaining codefendants because the jury was, in effect, being instructed that one codefendant had admitted that he conspired with the other codefendants. *State* v. *Pikul,* supra, does not support this position but instead stands for the principle that the guilty plea of one or more persons jointly charged with a crime cannot be admitted in the trial of another so charged "to establish that the crime was committed. *State* v. *Gargano,* 99 Conn. 103, 107, 121 A. 657; *United States* v. *Toner,* 173 F.2d 140, 142 (3d Cir.); 2 Wharton, Criminal Evidence (12th Ed.) § 439." *State* v. *Taylor,* 153 Conn. 72, 85, 214

defendant Esposito, and, of course, I will still have before me the Court case dealing with the defendant Clemente.

"So that there will be no question or misunderstanding, the fact that Mr. Bruton has pleaded guilty in no way changes the burden that rests upon the State to establish the guilt of these remaining defendants, and you are not to draw any inferences as a result of that."

[3] The defendant contends that there is no support in the record for the court's finding that all counsel, including DellaCamera's attorney, agreed to the form of the announcement when the court proposed its explanation in chambers and that no one voiced any objection to the proposal. In view of our disposition of this matter, we need not consider this claim as any correction to which the defendant may be entitled would not alter the result in any way. *Turbert* v. *Mather Motors,* 165 Conn. 422, 424, 334 A.2d 903; see *Lewis* v. *Lewis,* 162 Conn. 476, 481, 294 A.2d 637. For the same reason, we do not answer the defendant's argument that the court should have stated its intended procedure on the record in the absence of the jury to allow an opportunity for meaningful objection.

A.2d 362, cert. denied, 384 U.S. 921, 86 S. Ct. 1372, 16 L. Ed. 2d 442; *State* v. *Loughlin,* 149 Conn. 21, 26–27, 175 A.2d 367. This court has not previously ruled on the issue raised by the defendant's claim.

Most jurisdictions hold that it is not error for the trial court to inform the jury during the trial that one or more of the defendants has pleaded guilty, even in a conspiracy case, if proper cautionary instructions are given, and some authorities even allow the jury to be present when the guilty pleas are entered. *United States* v. *Kahn,* 381 F.2d 824, 836–38 (7th Cir.), cert. denied, 389 U.S. 1015, 88 S. Ct. 591, 19 L. Ed. 2d 661; *United States* v. *Kelly,* 349 F.2d 720, 766–68 (2d Cir.), cert. denied, 384 U.S. 947, 86 S. Ct. 1467, 16 L. Ed. 2d 544; *United States* v. *Aronson,* 319 F.2d 48, 52 (2d Cir.), cert. denied, 375 U.S. 920, 84 S. Ct. 264, 11 L. Ed. 2d 164, rehearing denied, 375 U.S. 982, 84 S. Ct. 477, 11 L. Ed. 2d 428; *Commonwealth* v. *LeBlanc,* Mass , , 299 N.E.2d 719; *Commonwealth* v. *Sousa,* 350 Mass. 591, 595–96, 215 N.E.2d 910; *State* v. *Gardner,* 54 N.J. 37, 46, 252 A.2d 726; *State* v. *Sutherland,* 123 N.J.L. 513, 518, 9 A.2d 807, aff'd, 125 N.J.L. 273, 274, 15 A.2d 749.

The rationale behind this rule is the prevention of undue speculation and conjecture by the jury concerning the disappearance of a codefendant. See *United States* v. *Johnson,* 455 F.2d 311, 316 (5th Cir.); *United States* v. *Jones,* 425 F.2d 1048, 1054 (9th Cir.), cert. denied, 400 U.S. 823, 91 S. Ct. 44, 27 L. Ed. 2d 51; *Commonwealth* v. *LeBlanc,* supra; *Commonwealth* v. *Giacomazza,* 311 Mass. 456, 466, 42 N.E.2d 506. The purpose of allaying jury curiosity and controlling potentially incorrect, prejudicial conclusions was recognized in *United States* v. *Crosby,* 294 F.2d 928, 948 (2d Cir.), cert. denied, sub

nom. *Mittelman* v. *United States,* 368 U.S. 984, 82 S. Ct. 599, 7 L. Ed. 2d 523, rehearing denied, 369 U.S. 881, 82 S. Ct. 1138, 8 L. Ed. 2d 285, where it was shown that the jury, allowed to remain uninformed by the trial court concerning the cause of a codefendant's absence, learned of the codefendant's guilty plea and speculated concerning the guilt of the defendant on trial. The defendant contends that the information received by the jury in the court's announcement equaled or surpassed the worst conclusion that the jury could have reached if left to its own devices. This argument overlooks the curative effect of cautionary instructions. It is impossible to preclude knowledge or speculation of a codefendant's guilty plea from the minds of the jury members, but the proper cautionary instruction can deter any prejudicial effects; *Commonwealth* v. *Sousa,* supra, 591–92; *People* v. *Mirenda,* 23 N.Y.2d 439, 450, 245 N.E.2d 194; *State* v. *Pearson,* 269 N.C. 725, 727–28, 153 S.E.2d 494; and the jury are presumed to follow the court's directions in the absence of a clear indication to the contrary. *State* v. *Smith,* 156 Conn. 378, 383, 242 A.2d 763. In the present case, the court's cautionary instructions immediately followed Bruton's plea and "[t]hus the jury was not called upon, at the conclusion of the case, to 'unring' a bell." *Morgan* v. *United States,* 380 F.2d 686, 694 (9th Cir.), cert. denied, 390 U.S. 962, 88 S. Ct. 1064, 19 L. Ed. 2d 1160.

Those cases which have held that informing juries of guilty pleas was prejudicial error involved situations in which the trial court either erroneously misstated the existence of an admission of guilt or a guilty plea; *Edwards* v. *United States,* 286 F.2d 681, 683 (5th Cir.); *State* v. *Loughlin,* 149 Conn. 21, 24–27, 175 A.2d 367; or unnecessarily emphasized

the guilty plea and failed to give cautionary instructions under additional aggravating circumstances. *Hudson* v. *North Carolina,* 363 U.S. 697, 702–3, 80 S. Ct. 1314, 4 L. Ed. 2d 1500; *Payton* v. *United States,* 222 F.2d 794, 796 (D.C. Cir.). None of these circumstances was present at the trial in this case. In *People* v. *Walsh,* 20 App. Div. 2d 600, 245 N.Y.S.2d 472, an intermediate appellate opinion cited by the defendant, the codefendant's guilty plea was entered in the jury's presence. In addition, the court admitted the defendant's repudiated confession which recited joint participation with the former codefendant and the prosecutor commented in summation on the codefendant's admissions with respect to the defendant's joint participation in the crime. This one paragraph opinion, which does not recite either the crime charged or any case or statutory support, is clearly distinguishable on its facts from the present case. The trial court, with its proper cautionary instructions, did not err in explaining to the jury that the absence of Bruton and his counsel was the result of Bruton's guilty plea to the conspiracy and narcotics counts and, therefore, properly denied the motion for mistrial.

The remaining assignments of error received no discussion in the defendant's brief and are considered abandoned. *State* v. *Brown,* 163 Conn. 52, 55, 301 A.2d 547.

There is no error.

In this opinion HOUSE, C. J., and MacDONALD, J., concurred; COTTER and BOGDANSKI, Js., dissented.