## State of Connecticut *v.* Gary Griffin

Cotter, Loiselle, Bogdanski, Longo and Healey, Js.

Argued February 15—decision released May 16, 1978

*Donald D. Dakers,* assistant public defender, for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the briefs, was *Arnold Markle,* state's attorney, for the appellee (state).

Arthur H. Healey, J. On a trial to the jury, the defendant, Griffin, was found guilty as an accom-

plice in violation of § 53a-8[1] of the General Statutes to the crime of assault in the second degree. General Statutes § 53a-60 (a) (2).[2] He took this appeal from the judgment, claiming error in the court's denial of his motion for a mistrial and in its charge to the jury.

The incident involved arose out of circumstances which took place in East Haven on June 30, 1976, when John Sodins was injured by a shotgun fired by Donald Granger. The injury to Sodins occurred outside of an apartment shared by Granger and Griffin. Sodins had knocked on the apartment door after he had learned that Granger was seeking him. Granger stood inside the apartment with a loaded shotgun aimed at the door. He asked Griffin to open the door to Sodins and to stay out of the way. Griffin did so, remaining between the opened door and the inner wall of the apartment. A conversation took place between Granger and Sodins while Griffin remained behind the door. During this conversation with Sodins, Granger fired the shotgun, injuring Sodins in the chest and shoulder. The shotgun had been purchased by Granger earlier that day with money supplied by Griffin and while accompanied by Griffin. After the purchase of the shotgun both Granger and

---

[1] "[General Statutes] Sec. 53a-8. CRIMINAL LIABILITY FOR ACTS OF ANOTHER. A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

[2] "[General Statutes] Sec. 53a-60. ASSAULT IN THE SECOND DEGREE: CLASS D FELONY. (a) A person is guilty of assault in the second degree when . . . (2) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

Griffin went to North Madison where each of them practiced firing the weapon. There was evidence that the shotgun had been purchased by Granger to protect himself from Sodins.

After this incident both Granger and Griffin were arrested and charged in separate informations with the crime of assault in the first degree. Shortly before a joint trial, substituted informations were filed charging Granger with assault in the second degree and charging that Griffin "did intentionally aid Donald Granger to engage in conduct which constitutes an assault in the second degree in that . . . Granger, with intent to cause physical injury to one John Sodins, did cause such injury by means of a deadly weapon, to wit: a shotgun, in violation of Sections 53a-60 (a) (2) and 53a-8 of the General Statutes."

At the trial Granger testified in his own behalf, maintaining that, although he did fire the shotgun which injured Sodins, he fired it accidentally due to his fear of Sodins. After he testified, Granger pleaded guilty to the information as charged and he did so outside of the presence of the jury. During the recess, Griffin moved for a mistrial on the grounds that Granger's plea to an information charging his intentional injury of Sodins had not only impeached Granger's testimony, to the detriment of Griffin, but also tended to establish one of the necessary elements of proof of the crime charged against Griffin. The court denied the motion and instructed the jury that Granger was no longer there and that Granger's plea "is not to be considered as any evidence of Mr. Griffin's guilt and is

not to be treated by you as any evidence of Mr. Griffin's guilt, nor are you to draw any inference from it." [3]

Griffin does not claim that the trial court's instructions regarding Granger's plea were improper either as to form or timeliness. Griffin does argue that, owing to the particular facts of this case, once the jury were informed of the principal defendant's plea of guilty to the substituted information, no amount of curative instructions could repair the damage done to the defendant. At no time did the court instruct the jury that Granger had pleaded guilty to the substituted information.

Griffin argues that *State* v. *DellaCamera,* 166 Conn. 557, 353 A.2d 750, does not control on his claim of error on the denial of his motion for mistrial because this case is distinguishable from *Della-Camera.* We do not agree. In making this claim he argues that, having been charged as an accomplice under § 53a-8 of the General Statutes, then

[3] The court instructed the jury in pertinent part as follows: "The Court: Ladies and gentlemen, before I start on the body of the charge that I am going to give you, I think it best at this point to bring up Mr. Granger's disappearance from our midst. I almost hate to do it, because I think you have pretty well put him our of your mind, but I have got to bring him up once more and remind you of him in order to tell you to forget him.

What Mr. Granger has done, as far as a plea is concerned, concerns him only and has absolutely no bearing or reflection on Mr. Griffin. Mr. Griffin has pled not guilty. He has not changed his plea, so his plea still stands. He is still on trial and the state still has the burden of proving him guilty beyond a reasonable doubt. What prompted Mr. Granger's plea, you and I have no way of knowing, but it is not to be considered as any evidence of Mr. Griffin's guilt and is not to be treated by you as any evidence of Mr. Griffin's guilt, nor are you to draw any inference of guilt from it, and I think you understand that, and I think, from watching you yesterday, I think you pretty well have that in mind as we go along, but it's important."

"[a]s such, the state was required to prove, beyond a reasonable doubt that he 'intentionally aided' the principal defendant." It is true that the charge of being an accomplice was not involved in *Della-Camera* and it is also true that the state was required to prove beyond a reasonable doubt that Griffin "intentionally aided" Granger but these facts hardly make for any valid distinction of this case from *DellaCamera*.

The defendant then goes on to argue that "[f]urther, an additional element of proof was that the principal defendant had *intended* to cause physical injury to the victim," pointing out that, at the trial, Granger testified that he had fired the shotgun accidentally. By this we assume that Griffin contends that if the jury believed Granger's testimony, then Griffin would have been found not guilty. This claim is interrelated with Griffin's statement that for the court "[t]o subsequently inform the jury that the principal defendant [Granger] had pled guilty to an information charging him with intentional injury to the victim tended to establish, by implication, one of the necessary elements of proof against the defendant." The court did not so inform the jury. In advancing this point in attempting to distinguish *DellaCamera* on his mistrial claim, Griffin is wide of the mark. In *DellaCamera* one codefendant pleaded guilty during the trial and one of the charges to which he pleaded guilty was that of conspiracy. In that case the trial court specifically told the jury the crimes to which this codefendant had pleaded, gave cautionary instructions, denied the motion for mistrial, and the trial continued against the remaining codefendants. On his appeal to this court, one of the codefendants who had been found guilty of conspiracy argued that, despite the

trial court's cautionary instructions, its announcement to the jury of the guilty plea "irreparably prejudiced" the remaining codefendants because the jury were, in effect, being instructed that the pleading codefendant conspired with the remaining codefendants. *State* v. *DellaCamera,* supra, 565. In that case, we held that "[t]he trial court, with its proper cautionary instructions, did not err in explaining to the jury that the absence of Bruton and his counsel was the result of Bruton's guilty plea . . . and, therefore, properly denied the motion for mistrial." Id., 568. The jury are presumed to follow the court's directions in the absence of a clear indication to the contrary. *State* v. *DellaCamera,* supra, 567; *State* v. *Smith,* 156 Conn. 378, 383, 242 A.2d 763; *State* v. *Hunt,* 154 Conn. 517, 523, 227 A.2d 69.

It has been said that "[a]s applied to a criminal trial, denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it we [the United States Supreme Court] must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial." *Lisenba* v. *People of State of California,* 314 U.S. 219, 236, 62 S. Ct. 280, 86 L. Ed. 166, rehearing denied, 315 U.S. 826, 62 S. Ct. 620, 86 L. Ed. 1222. Although the defendant claims a denial of due process in the trial court's denial of his motion for mistrial, that claim is without merit.

The next issue is framed by Griffin as follows: "Did the Court err when, in the trial of the remaining Defendant charged with assault 2nd. Degree, in violation of Sections § 53a-60 (a) (2) and 53a-8 of the Connecticut General Statutes, it denied the

Defendant's Requests to Charge or failed to charge Sua Sponte that the jury must find beyond a reasonable doubt, not only that the remaining Defendant intended to aid in the assault, but that the principal Defendant intended to cause physical injury to the victim." At the outset, we are confronted with a problem which the record, the briefs, the file and arguments before us have not resolved. Griffin's counsel maintained that a request to charge on the elements of the offense[4] was considered and rejected by the court. It does appear that some confusion over this point arose out of a colloquy between the court and defense counsel during the charge.[5] There are two problems in evaluating this claim of error. We cannot find from the record that a request to charge was filed as required by the rules of practice; Practice Book, 1963, § 251; and it is clear that no

---

[4] The request to charge printed in the defendant's brief reads as follows: "3. Elements of the offense. As to the defendant, Gary Griffin, you must not only find, therefore, that the defendant, Donald Granger, *intentionally* injured John Sodins with a shotgun, but further, before you may find the defendant, Gary Griffin, guilty you must further find that the defendant, Gary Griffin, intentionally assisted the defendant, Donald Granger, in injuring John Sodins as aforesaid. If you find that the defendant, Gary Griffin, did not knowingly and voluntarily aid Donald Granger in the injury of John Sodins, then you must find the defendant, Gary Griffin, not guilty of the charges against him."

[5] There is some indication that the defendant had "asked" the court to charge on the matter of intention. During its charge on intention, the following occurred:

"In this case, therefore, it will be part of your duty to draw all reasonable inferences from the conduct of the defendant in light of the surrounding circumstances as to what purpose, intention or knowledge was in his mind at the time of this incident.

"Now, the defendant has asked that I charge you—

"Mr. Dakers: No, your Honor.

"The Court: Pardon me?

"Mr. Dakers: I will withdraw that request, I think.

"The Court: All right.

"That's it, as far as intention is concerned, ladies and gentlemen."

exception was taken to the claimed error in the charge as required. Practice Book, 1963, § 249. We have stressed the importance of adherence to these rules. *State* v. *Gerak,* 169 Conn. 309, 316–17, 363 A.2d 114; *State* v. *Malley,* 167 Conn. 379, 382–83, 355 A.2d 292; *State* v. *Van Valkenburg,* 160 Conn. 171, 174, 276 A.2d 888.

Despite the lack of a properly filed request to charge and the failure to take an exception, Griffin, nevertheless, urges us to consider this claim. He argues that the claim, which basically is that the court failed to charge the jury on an essential element of the crime charged, should be considered, as it advances a fundamental constitutional error. We will consider and decide this claim.

Griffin, by his plea of not guilty, put in issue every essential element of the crime charged. *Roe* v. *United States,* 287 F.2d 435 (5th Cir.), cert. denied, 368 U.S. 824, 82 S. Ct. 43, 7 L. Ed. 2d 29; 21 Am. Jur. 2d, Criminal Law, §467; 22 C.J.S., Criminal Law, § 454. With that, the burden rested upon the prosecution to prove the guilt of the accused, i.e., to prove each material element of the offense charged beyond a reasonable doubt. *Mullaney* v. *Wilbur,* 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508; *State* v. *Johnson,* 162 Conn. 215, 231, 292 A.2d 903; *State* v. *Jenkins,* 158 Conn. 149, 154, 256 A.2d 223; 1 Wharton, Criminal Evidence (13th Ed.) § 10. The United States Supreme Court has explicitly held that the due process clause requires that every fact necessary to constitute the crime of which an accused stands charged must be proven beyond a reasonable doubt before a conviction. *In re Winship,* 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368. Therefore, it cannot be considered

harmless error for a jury to find an accused guilty without even knowing what are the essential elements of the crime charged. *United States* v. *Howard,* 506 F.2d 1131, 1134 (2d Cir.).

"Although, in general, the failure to give an instruction is not error unless a request therefor was made, the pertinent principles of substantive law must always be charged, even if the trial judge must do so on his own motion. In defining an offense, the trial judge should include every material element." 4 Wharton, Criminal Procedure (12th Ed.) § 540. The court's instructions on the offense charged must include every element of that offense. 75 Am. Jur. 2d, Trial, § 713; see annot., "Duty in instructing jury in criminal prosecution to explain and define offense charged," 169 A.L.R. 315. "If justice is to be done . . . it is of paramount importance that the court's instructions be clear, accurate, complete and comprehensible, particularly with respect to the essential elements of the alleged crime." *United States* v. *Clark,* 475 F.2d 240, 248 (2d Cir.).

The state appears to concede that, based on the wording of the information, the state proceeded on the assumption that the intent of Granger to harm Sodins was an essential element of the crime charged against Griffin. Griffin's claim here relates to an element making up the crime with which he was charged. Accordingly, it must be determined whether the charge was adequate. Fairly viewed, it can be said that the state sought to prove Griffin guilty of the assault charge by claiming that Griffin intentionally aided the intentional acts of Granger and that is what the court told the jury in

its charge.[6] The jury were also instructed that to find a person guilty under § 53a-8 they must find that "he had a criminality of intent and an unlawful purpose in common with the person or persons who actually committed the crime." This, the court did after it had discussed intention at length and after telling the jury that it is the law of Connecticut "that a person who aids in the commission of a crime is equally guilty with the person or persons who actually commit the crime." "It is manifest that the nature of the assistance which will render one liable as a party to a particular offense must depend largely on the nature of that offense." *State* v. *Levy*, 103 Conn. 138, 142, 130 A. 96. The charge, as it appears in the record, must be read as a whole. *Novella* v. *Hartford Accident & Indemnity Co.*, 163 Conn. 552, 316 A.2d 394; *Hanken* v. *Buckley Bros., Inc.*, 159 Conn. 438, 441, 270 A.2d 556.

The claim here is that Griffin was deprived of a federal constitutional right. We do not agree that he has been deprived of such a right. There is absolutely no question that the court was required to instruct the jury on all the essential elements of the crime charged. As already pointed out, the charge told the jury, inter alia, that the state sought to prove Griffin's guilt by claiming that Griffin "intentionally aided the intentional acts of Donald Granger" and that to find Griffin guilty the jury must, therefore, find Griffin a willing accomplice of

---

[6] After instructing on assault in the second degree (§ 53a-60 [a] [2]) and on the accessory statute (§ 53a-8) the court said: "There has been no evidence presented here by the state that the defendant, Gary Griffin, fired the shot that injured John Sodins. The state seeks to prove his guilt by claiming that Gary Griffin intentionally aided the intentional acts of Donald Granger. To find the defendant, Gary Griffin, guilty, therefore, you must find him a willing accomplice of the defendant, Donald Granger."

Granger. This the court did, along with the other instructions referred to above. Griffin's argument that the court failed to charge on an essential element of the crime charged must fail. The jury instructions covered adequately those facts which the jury had to find proven for conviction. Griffin was entitled to have the jury instructed on all the essential elements of the crime charged, and they were so instructed.

There is no error.

In this opinion the other judges concurred.