State of Connecticut v. Wayne Gilbert

Superior Court    Geographical Area No. 6    File No. CR 6-178132
at New Haven

Memorandum filed December 19, 1979

*Daniel A. Lyons,* assistant state's attorney, for the state.

*Gerald Braffman,* for the defendants.

NORTON M. LEVINE, J.   The defendant has been charged with the crime of disorderly conduct pursuant to General Statutes § 53a-182, and has filed a number of motions, including the present one for discovery and inspection.

The state and the defendant have agreed on the information to be supplied by the state, as to all but three of the paragraphs of said motion.

Paragraph fourteen requests, in part, that after each witness has testified on direct examination, and prior to cross-examination, the prosecution shall furnish to the defendant any and all statements of that witness in possession of the state or its agents (including state and local law enforcement officers) "concerning this case."

Paragraph fifteen relates to the conclusion of the state's case in chief at trial.  It seeks from the state any and all statements, relevant to the case, "by any and all persons not called as prosecution witnesses."

Paragraph nineteen of the motion involves informants. It requests the names and addresses of all informants, "employed or utilized by any law enforcement agency in connection with this case who were either participants in, or eyewitnesses to, any act or acts which could be testified about at trial."

The state has objected to the production of the information requested in the above three paragraphs. The state is generally willing to produce any answers which are permitted by the express terms of the Practice Book. It, resists, however, disclosure of any information going beyond the scope of the applicable rules of criminal procedure, as set forth in the Practice Book.

## I

Paragraph fourteen of the defendant's motion will be initially discussed.

Section 752 of the 1978 Practice Book obligates the state, following the testimony of one of its witnesses, and on the defendant's motion, to produce any statement of that witness for inspection by the defendant where the statement "relates to the *subject matter* about which the witness has testified." (Emphasis added.)

Paragraph fourteen of the defendant's motion goes substantially beyond the restricted scope of § 752. It seeks not only the witness' statement pertaining to the subject matter actually testified to by the witness, but also any statement the witness may have made relative to any and all issues involved in the case. To bolster his contention, the defendant urges that the "subject matter" of the witness' testimony, as defined in § 752, is essentially the same as any out-of-court utterances the witness may have made, "concerning the case."

The defendant's argument is not persuasive. It is obvious that § 752 was intended to limit this particular disclosure solely to data referring to the actual issues or events testified to by the witness.

If the framers of § 752 had meant to enlarge the scope of the disclosure so as to mandate the production of statements embracing facts not adduced in the witness' court testimony, it would have been easy for them to do so. The blunt fact is that the rule sets up a clear limitation, to be followed in the great majority of cases.

As a corollary, § 753 of the Practice Book concerns the resolution of disputes as to whether the contents of a statement sought under § 752 relates to the "subject matter" of the testimony of a witness. In such event, the statement is to be delivered to the judicial authority for a final ruling on disclosure.

Significantly, § 753 further provides that "the judicial authority shall not disclose that portion of such statement which does not relate to the subject matter of the testimony of the witness." See also Practice Book, 1978, § 746.

Language similar to that in § 752 appears in the Jencks Act. 18 U.S.C. § 3500 (b). The federal statute likewise limits prosecution disclosure of statements to those portions relating to "the subject matter as to which the witness has testified." For federal cases in accord with the court's conclusion herein, see *United States* v. *Smaldone,* 544 F.2d 456, 460–61 (10th Cir.), cert. denied, 430 U.S. 967; and *United States* v. *Pacelli,* 491 F.2d 1108, 1118 (2d Cir.), cert. denied, 419 U.S. 826.

Under a statute or rule such as § 752 of the Practice Book, a defendant is not entitled to statements

which are merely "incidental" or "collateral." *United States* v. *Birnbaum,* 337 F.2d 490, 497 (2d Cir.).

Nothing in the defendant's brief or in his oral argument persuades the court that a waiver of the restriction in § 752 is appropriate here. Practice Book, 1978, § 745.

## II

Paragraph fifteen of the defendant's motion requests the disclosure of statements pertaining to the case by any persons *not* called as prosecution witnesses. That request lacks merit. Initially, no rule in the Practice Book compels such disclosure by the state.

Secondly, the precedents cited by the defendant do not sanction the wholesale emptying of the state's file for this purpose in the absence of a compelling showing by the defendant of the materiality of such statements. That has not been done in the present case. See Practice Book, 1978, § 745.

Some reasonable limitation on the scope of the defendant's request is appropriate. Hence, the defendant's motion for production of statements by persons not called as prosecution witnesses is granted, solely and exclusively with respect to those statements which may contain exculpatory information. Practice Book, 1978, § 741(1).

## III

As to paragraph nineteen of the defendant's motion, the state concedes that it will furnish to the defendant the names of any informers who were "material participants" in the crime charged. *Roviaro* v. *United States,* 353 U.S. 53, 60. The state, however, objects to the disclosure of the names of informants who were merely informers, and were nothing more than independent eyewitnesses.

The policy considerations protecting the names of informers from disclosure were set forth in *State* v. *Harris,* 159 Conn. 521, 528, and subsequently in *State* v. *Runkles,* 174 Conn. 405, 413. See also *McCray* v. *Illinois,* 386 U.S. 300, 312–13.

In *State* v. *Johnson,* 162 Conn. 215, 229, the court said: "When the evidence discloses that the informer was merely an informer and nothing more the government is not compelled to disclose his identity."

There are no unusual or extraordinary circumstances here warranting departure from the general rule, based on the "balancing test" set forth in *Harris,* supra, 528. *State* v. *Bowden,* 29 Conn. Sup. 86, 91. See Whitebread, Constitutional Criminal Procedure (1978), p. 51.

Therefore, paragraph nineteen of the defendant's motion is denied, except that the state shall disclose the names and addresses of informants employed by, or utilized by, any law enforcement agency in this case, who were actual participants in the crime charged herein.