[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ARTICULATION AND/ORREARGUMENT
I.
INTRODUCTION
On January 30, 1995, the plaintiffs filed, pursuant to Practice Book § 204A, a Motion for Articulation and/or CT Page 1990 Reargument of this court's January 10, 1995 Memorandum of Decision on the Motion to Strike. The defendants filed a Memorandum in Opposition to Plaintiffs' Motion for Articulation and/or Reargument dated February 9, 1995.
The plaintiffs base their Motion for Articulation on "the court's omission of any analysis, discussion, or ruling" concerning the constitutionality of General Statutes §§ 33-373 and 33-374 in the court's January 10, memorandum of decision.
The defendants contend that reargument should be denied since the plaintiffs have not provided additional support for their arguments which differs from that made in the plaintiffs' memorandum, or at oral argument, in opposition to the defendants' motion to strike. The defendants further argue that the court is not required to expressly consider each and every argument advanced by the plaintiffs. Indeed, the defendants state that the court is not required to do so merely for the purposes of creating a better record for appeal. Finally, the defendants argue that a presumption can made that by deciding that General Statutes § 33-373 and 33-374 provide the sole remedy in this case, the court implicitly recognized the statutes' constitutional validity.
The material facts underlying this case were outlined by the court in its previous decision in this matter, Brandt v. The Travelers Corp., 1 Conn. Ops. 123 (February 6, 1995). This court denies the plaintiffs' Motion for Reargument, but grants the plaintiffs' Motion for Articulation.
 II. A DISCUSSION
1.
The Supreme Court case of State v. DellaCamera,166 Conn. 557 (1974), is often cited for the general rule that "[c]onstitutional issues are not considered unless CT Page 1991 absolutely necessary to the decision of the case . . . or unless sufficient public interest warrants such review." Id., 560-61. The DellaCamera case also stands for the proposition that where previous cases apply a statute, but do not consider the constitutionality of that statute, those earlier decisions may not implicitly stand for the rule that the statute is constitutional. Id. Indeed, in DellaCamera, the defendant claimed that a particular statute was implicitly constitutional since two previous Supreme Court decisions which dealt with that specific statute had failed to question the statute's constitutional validity. Id., 560. The Court held that the validity of a statute may not be decided implicitly and stated that "a case or a series of cases which merely mention or apply a statute without questioning its validity cannot serve as binding precedent on that issue." Id.
In its earlier opinion, this court based its decision, in part, on the Supreme Court's decision inYanow v. Teal Industries, 178 Conn. 262, (1979), as well as the two Superior Court decisions of Stanley Ferber Associates v. Northeast Bancorp., Inc., Superior Court, judicial district of New Haven, Docket No. 344932 (November 16, 1993, Hodgson, J.), and Voltarc Tubes, Inc.v. Souska, 2 CSCR 829 (July 10, 1987, Jacobson, J.). These cases interpreted and applied General Statutes §§ 33-373 and 33-374 as providing for the exclusive remedy of appraisal rights for dissenting shareholders.
These cases, however, did not address the question of the constitutionality of those statutes. In light of the holding in DellaCamera and the arguments made before this court, the constitutionality of these sections will now be addressed.
2.
The plaintiffs argue in their revised memorandum in opposition to the defendants' motion to strike that the application of the appraisal statute in this instance violates their due process rights under the Fifth andFourteenth Amendments to the United States constitution, as well as article first, sections 8 and 10 of the Connecticut constitution. CT Page 1992
Specifically, the plaintiffs argue that as shareholders of Travelers stock they have a property interest in the corporation which is protected by their due process rights. In particular, they claim they are owed the right to protect the value of their investment. As a basis for the unconstitutionality of the statute, the plaintiffs argue the appraisal statute does not provide "procedural safeguards sufficient to protect the Travelers' shareholders' property interest in the corporation." (Plaintiffs' Revised Memorandum in Opposition dated April 22, 1994, at 35.). The plaintiffs also argue when shareholders' claims involve breaches of fiduciary duties by corporate officers, an appraisal statute providing for an exclusive remedy deprives the shareholders of any right to police the behavior of the corporation and to protect the value of their investments.[1] The Connecticut Supreme Court in the caseTedesco v. Stamford, 222 Conn. 233 (1992), stated that:
 The fourteenth amendment to the United States constitution provides that the State [shall not] deprive any person of life, liberty, or property, without due process of law. . . . In order to prevail on his due process claim, the plaintiff must prove that: (1) he has been deprived of a property interest cognizable under the due process clause; and (2) the deprivation of the property interest has occurred without due process of law.
. . . . .
 The due process clauses of the state and federal constitutions require that one subject to significant deprivation of liberty or property must be accorded adequate notice and a property must be accorded adequate notice and a meaningful opportunity to be heard. We note, however, that due process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances. Due process is flexible and calls for such procedural protections as the particular situation demands. CT Page 1993
(Internal citations omitted.) Id., 241-42.
Moreover, "a validly enacted statute carries with it a strong presumption of constitutionality, and those who challenge its constitutionality must sustain the heavy burden of proving its unconstitutionality beyond a reasonable doubt." (Citations omitted.) Fleming v.Garnett, 231 Conn. 77, 88 (1994). "[A] court will indulge in every presumption in favor of the statute's constitutionality and, when interpreting a statute, will search for an effective and constitutional construction that reasonably accords with the legislature's underlying intent." (Citation omitted.) State v. Campbell,224 Conn. 168, 179 (1992).
General Statutes § 33-373 sets forth the rights of objecting shareholders and states that objecting shareholders may seek appraisal of their shares pursuant to the procedures found in General Statutes § 33-374. Section 33-374 establishes the procedure to be followed by a shareholder who objects to a corporate merger to be paid the fair value of his shares.
The procedure for an objecting shareholder is essentially as follows. Subsection (b) of § 33-374 provided that a shareholder must give the corporation notice, in writing, of his objection to the corporate merger and his desire to be paid the value of his shares. The corporation is obligated to make an offer, in writing, to pay the shareholder a price it deems to be a fair value for the shares. General Statutes § 33-374(d). Should the corporation fail to pay this amount, the shareholder, after petitioning the Superior Court asking for such amount, shall be entitled to a judgment for that amount. General Statutes § 33-374(f).
If a shareholder disagrees with the price offered by the corporation, he may petition the Superior Court asking for a hearing to determine the fair value of the shares. General Statutes § 33-374(g). In reaching its decision, the court may appoint appraisers, who examine the evidence and recommend a fair value for the shares. Id. The court's judgment shall determine the fair value and direct the corporation to pay such amount together CT Page 1994 with any interest, costs and expenses which the court deems equitable. Id. Additionally, any judgment by the court pursuant to General Statutes § 33-374(h) is fully enforceable as a judgment of the Superior Court. General Statutes § 33-374(h).
"What the Constitution does require is "anopportunity . . . [to be heard] granted at a meaningful time and in a meaningful manner . . . [and] . . . for a hearing appropriate to the nature of the case." (Emphasis in original; Citations omitted.). Boddie v.Connecticut, 401 U.S. 371, 378, 91 S.Ct. 813,28 L.Ed.2d 113 (1971). "Due Process requires that the thoroughness of the procedure by which the deprivation is effected must be balanced against the gravity of the potential loss and the interests at stake . . ." PET v.Department of Health Services, 228 Conn. 651, 682 (1994).
The Connecticut Supreme Court also has stated that:
 The purpose of a hearing is to satisfy the constitutional due process right that parties whose property rights are to be affected are entitled to be heard "at a meaningful time and in a meaningful manner. This effective opportunity to be heard is the gravamen of the currently accepted standards of procedural due process in the area of property rights. . . . A hearing permits both sides to be heard.
(Internal citations omitted.). Ledgebrook CondominiumAssn., Inc. v. Lusk Corp., 172 Conn. 577, 583-84 (1977).
This court concludes that the legislature has provided a meaningful procedure contained in General Statutes § 33-374, and outlined above, for the very purpose of protecting and ensuring that an objecting shareholder will obtain a fair value for his shares. The plaintiffs have not sustained their heavy burden of showing beyond a reasonable doubt that the Connecticut appraisal statutes are unconstitutional by failing to adequately protect the plaintiffs' due process rights.
The plaintiffs' argument based on the unconstitutionality of General Statutes §§ 33-373 and 33-374 CT Page 1995 is not persuasive and, therefore, the court upholds its previous decision in this matter granting the defendants' motion to strike.
Berger, J.