STATE OF CONNECTICUT *v.* CHRISTOPHER TAFT
(8836)

DALY, FOTI and LANDAU, Js.

Argued April 30—decision released July 2, 1991

*G. Douglas Nash,* public defender, with whom, on the brief, was *Kent Drager,* assistant public defender, for the appellant (defendant).

*Susann E. Gill,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Judith Rossi* and *Elpedio N. Vitale,* assistant state's attorneys, for the appellee (state).

DALY, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of larceny in the first degree by receiving stolen property in violation of General Statutes §§ 53a-122 (a) (3) and 53a-119 (8).[1] The defendant claims that the trial court (1) improperly allowed into evidence the defendant's statements made to the police after he was given *Miranda* warnings; *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966); (2) improperly permitted argument to the jury concerning the defendant's silence after he was given *Miranda* warnings, and (3) failed to instruct the jury on an essential element of the offense of larceny by receiving stolen goods. We disagree and affirm the judgment of the trial court.

The jury could have reasonably found the following facts. Sometime after 8 p.m. on August 16, 1988, a rented 1988 Mercury Sable was stolen by two men, neither of whom was the defendant. On August 26, 1988, at about 2:20 p.m., Officer William Horner of the New Haven police department was parked in his marked police cruiser on Dixwell Avenue when he was approached by a citizen who claimed to have been threatened by someone with a rifle in a white car down the street. The man pointed to a white Mercury Sable and as the car approached Horner's position he flagged it to stop. The car sped away and Horner radioed for assistance giving the car's description. A few minutes later, two plain clothes police officers spotted the white Mercury Sable as it skidded into an embankment and stopped. The defendant emerged from the car carrying a shotgun and was arrested. The car the defendant was driving was later identified as the 1988 Mercury Sable stolen nine days earlier, and when it was returned to the dealership, it was valued at $13,000.

---

[1] The defendant was acquitted on the charge of threatening pursuant to General Statutes § 53a-62.

The defendant was taken to the New Haven police station where he was questioned for about one hour by Detectives Joseph Howard and Mel Cartocetti. He was then given a printed form of the *Miranda* warnings which he signed, and he orally waived his *Miranda* rights after they were read to him. This signed form was subsequently lost and was not produced at trial. The defendant agreed to talk to the detectives but refused to allow any taped or written record to be made of his statement. The defendant told the detectives the name of the man who had given him the car on August 17, and said that he had been living in the car ever since. The defendant admitted having a shotgun when arrested and said he used it for protection. When asked if he knew that the car was stolen, the defendant did not immediately answer but looked down, smiled, shrugged and smirked. The interrogation went on to other topics and eventually ended after about one hour.

The defendant filed a motion to suppress his statements to the police in which he argued that he could not have waived his *Miranda* rights without knowing that he was being questioned about this crime. The trial court found that the defendant was informed what the charges against him were and was fully aware of his rights under *Miranda*, which he freely waived, when he talked with the detectives, and his motion was denied. Consequently, during the defendant's trial Howard testified about what the defendant had said in his interrogation and the gestures he had made when asked whether he knew the car was stolen. The defendant chose not to testify and proffered no evidence.

The defendant claims that the trial court improperly permitted his statements and the description of his gestures into evidence and allowed the state to use this evidence in closing argument, in violation of his right to due process and his right not to incriminate himself.

The defendant concedes that these claims were not preserved in the trial court in accordance with Practice Book § 4185, and seeks review under the *Evans-Golding* criteria. *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989). We need consider an unpreserved claim only if the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; id., 240; and we conclude that the defendant's claims do not allege a clear constitutional violation and did not deprive him of a fair trial.

The defendant argues that his response to the question whether he knew the vehicle was stolen, his silence and gestures, is protected under *Miranda.* On the basis of this premise, the defendant asserts that the state's use of his silence and gestures as incriminating statements was a violation of *Doyle* v. *Ohio,* 426 U.S. 610, 96 S. Ct. 2240, 49 L. Ed. 2d 91 (1976); *Griffin* v. *California,* 380 U.S. 604, 85 S. Ct. 1229, 14 L. Ed. 2d 106 (1965); and *Miranda* v. *Arizona,* supra. We do not accept the defendant's claim that his response to the detective's question was an assertion of his fifth amendment privileged silence under *Miranda,* and therefore conclude that his derivative claims to *Doyle* and *Griffin* violations are equally without basis.

The trial court found that the defendant was fully informed of his constitutional rights under *Miranda* and freely chose to waive those rights. He then answered a series of police questions for about one hour. "By speaking, the defendant has chosen unambiguously not to assert his right to remain silent. He knows that anything he says can and will be used against him and it is manifestly illogical to theorize that he might be choosing not to assert the right to remain silent as to part of his exculpatory story, while invoking that right as to other parts of his story. While a defendant may invoke his right to remain silent at any time, even after he initially waived his right to remain

silent, it does not necessarily follow that he may remain 'selectively' silent." *State* v. *Talton,* 197 Conn. 280, 295, 497 A.2d 35 (1985); see *State* v. *Lytell,* 206 Conn. 657, 661–63, 539 A.2d 133 (1988). "[T]here must be some indication that the defendant has invoked the right to remain silent." *Bradley* v. *Meachum,* 918 F.2d 338, 342–43 (2d Cir. 1990). We do not view the defendant's response and gestures as an invocation of the right to remain silent. Cf. id. We conclude that the defendant's statements were properly admitted, including Howard's testimony regarding the defendant's gestures, and, therefore, a proper subject for prosecutorial comment in closing argument.

General Statutes § 53a-119 (8) provides in pertinent part: "A person is guilty of larceny by receiving stolen property if he receives, retains, or disposes of stolen property knowing that it has probably been stolen or believing that it has probably been stolen, *unless the property is received, retained or disposed of with the purpose to restore it to the owner.*" (Emphasis added.) The defendant claims that the aforesaid italicized portion of the statute is an essential element of the offense and that the jury should have been so instructed by the trial court. This claim was not raised below and the defendant again requests review under the *Evans-Golding* criteria. *State* v. *Golding,* supra. A claim that the jury was not instructed on an essential element of the crime implicates the defendant's due process rights, and is thus reviewable. See *State* v. *Griffin,* 175 Conn. 155, 161–62, 397 A.2d 89 (1978).

The dispositive question is whether the italicized portion is an essential element of the offense. "It is generally recognized that the state bears no initial burden of proof on matters personal to the defendant and peculiarly within his own knowledge." *State* v. *Januszewski,* 182 Conn. 142, 167, 438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981). Whether the defendant received,

retained or disposed of the property with the purpose of restoring it to the owner is peculiarly within his personal knowledge. We conclude that the italicized portion of the statute is not an essential element of the offense charged and thus the trial court was not obligated to charge thereon.

The judgment is affirmed.

In this opinion the other judges concurred.