## Ludmil A. Chotkowski *v.* Connecticut Personnel Appeal Board

Cotter, C. J., Loiselle, Bogdanski, Longo and Rubinow, Js.

Argued May 4—decision released August 15, 1978

*Charles A. Overend,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Bernard F. McGovern, Jr.,* assistant attorney general, for the appellant (defendant).

*Michael Sucoll,* for the appellee (plaintiff).

LONGO, J.   The plaintiff, Ludmil A. Chotkowski, M.D., appealed his termination from state employment to the defendant personnel appeal board, hereinafter the board, which dismissed his appeal for lack of jurisdiction.   The plaintiff's appeal to the Court of Common Pleas under General Statutes § 4-183 was sustained.   From a judgment remanding the case to the board for a full hearing on the merits, the board has appealed to this court.

The record indicates that in 1969 the plaintiff was hired to serve as chief of medicine at the Veterans Home and Hospital in Rocky Hill, and that he functioned in that capacity.   In his state personnel records, however, he was designated as holding the positions of "special assistant" and "professional specialist" in the unclassified service.   Following correspondence between the state personnel department and the hospital administration as to whether he was improperly in the unclassified service, the plaintiff was appointed on October 14, 1975, to the position of chief of medicine in the classified service. On March 25, 1976, approximately three weeks prior to the expiration of the six-month working test period required by regulations of the commissioner of personnel issued pursuant to statutory authority,

the plaintiff was notified that he had received an unsatisfactory service rating for reasons other than his competence as a physician. He was dismissed without a hearing on April 8, 1976. The plaintiff then appealed to the board under General Statutes § 5-202 (a),[1] which grants a right of appeal to any "permanent employee holding a position in the classified service" who is dismissed. The board decided that although the plaintiff was "holding a position in the classified service," chief of medicine, at the time of his dismissal, he was not a "permanent employee" and so had no right of appeal under § 5-202 (a).

The key term "permanent employee" is defined in General Statutes § 5-196 (s) as either (a) "an employee holding a position in unclassified service who has served in such a position for a period of more than six months," or (b) "an employee holding a position in the classified service under a permanent appointment." "Permanent appointment," according to § 5-196 (r) of the General Statutes, means "appointment to a position in the classified service following successful completion of the required working test."

The plaintiff contends that notwithstanding his designation as an unclassified employee from 1969 to 1975 and his unsatisfactory working test report, by virtue of his six years of continuous service as chief of medicine in all but name he qualifies as a "permanent employee" of the second type specified in § 5-196 (s), an employee "holding a position in

---

[1] Section 5-202 (a) provides in part: "Any permanent employee holding a position in the classified service who is demoted, suspended or dismissed, or is individually aggrieved . . . may obtain a review of such action or alleged grievance by presenting a written appeal to the personnel appeal board."

the classified service under a permanent appointment." It is evident from a reading of the statutes that a state employee claiming permanence under this provision must show that at the time of his dismissal (1) he was occupying a position in the classified service and (2) he had successfully completed the working test for that position. We agree with the plaintiff that under the circumstances of this case he satisfied both requirements, for reasons set forth below.

Section 5-197 of the General Statutes commands that "[a]ny office or position in the state service, whether full-time or part-time, shall be a position in the classified service, except as hereinafter set forth in this chapter or otherwise specified by statute." The next section of chapter 67, § 5-198, lists twenty exemptions from the classified service. No provision of § 5-198[2] or any other statute has been brought to our attention as excluding from the classified service the work the plaintiff performed at the hospital from 1969 to 1975. In the absence of statutory authority the hospital administration and the state personnel department were powerless to assign the plaintiff to the unclassified service. Indeed, recognition of this limitation on their powers prompted the responsible officials belatedly to appoint the plaintiff to the classified position of chief of medicine. We conclude that at least insofar as a right of appeal to the board is concerned, the plaintiff must be deemed to have been continuously employed in the classified service from 1969 to his dismissal in 1976.

---

[2] Section 5-198 (m) exempts "[p]hysicians . . . and other professional specialists who are employed on a part-time basis," but there is no claim or evidence in this case that the plaintiff was a part-time employee.

This aspect of the appeal is factually similar to *State ex rel. Levy* v. *Pallotti,* 133 Conn. 334, 51 A.2d 136, which involved the question of whether the plaintiff, a special assistant attorney general, was holding a position in the classified service when the Merit System Act took effect in 1937 so as to entitle him to appeal his dismissal to the personnel appeal board. The defendant attorney general argued that his records and the personnel department's records showed the plaintiff to be in the unclassified service. We responded (p. 337): "The fact that the personnel department, or the attorney general's department, did or did not designate the plaintiff as in the classified service is not of controlling importance. The question is whether he was as a matter of law in that service." We examined the predecessors of General Statutes §§ 5-197 and 5-198 and held (p. 342) that because no statutory exemption from the classified service covered the plaintiff's position, as a matter of law he was in the classified service when the Merit System Act took effect and thus had a right to appeal his dismissal to the board.

We next consider whether the plaintiff successfully completed the working test for his position. The purpose of the working test requirement is to provide a trial working period "during which the work and conduct of the employee shall be noted by the appointing authority or his authorized agent and reported upon to determine whether such employee merits permanent appointment." General Statutes § 5-196 (aa). See also General Statutes § 5-230. Those statutes clearly envision that the trial period will be of limited duration, and place the burden on the employer to take timely action regarding dismissal. Accordingly, we have held in

*Coppola* v. *Personnel Appeal Board,* 174 Conn. 271, 386 A.2d 228, that where an employer has failed to dismiss a probationary classified employee in a timely fashion, the employee will be deemed to have satisfied the working test and to have achieved permanent status. That is the result the law requires in this case, where the hospital officials had six years to judge the plaintiff's fitness to serve as chief of medicine.

The plaintiff was a permanent employee in the classified service at the time of his dismissal.[3] As such he was entitled under General Statutes § 5-240 (c) to two weeks written notice and a statement of reasons for his dismissal. Had those rights been denied him, the appropriate remedy would be reinstatement, with back pay and benefits less off-sets. *Coppola* v. *Personnel Appeal Board,* supra. The record establishes that although the plaintiff was informed that "you are being dropped during your working test period," he did receive written notice two weeks prior to his termination date, with an adequate statement of reasons. At no stage in these proceedings has the plaintiff asserted a right to reinstatement because of defective procedure, only a right to a hearing on the merits of his dismissal pursuant to General Statutes § 5-202. We conclude, therefore, that the trial court committed no error in sustaining the plaintiff's appeal.

There is no error.

In this opinion the other judges concurred.

---

[3] This conclusion makes it unnecessary to consider the plaintiff's alternative claim that having achieved permanent status in the *unclassified* service prior to his appointment as chief of medicine, he had a right of appeal to the board under General Statutes § 5-202 (a).