[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 4460
The plaintiff, William Lombardi, Jr., brings this action against Francisco Borges, State Treasurer of Connecticut, to force the removal of a lien that was recorded by the State of Connecticut against certain property known as Lombardi's Restaurant in Waterbury. In Counts Two and Three of his claims for relief, the plaintiff has requested money damages against the defendant. The defendant has moved to dismiss these claims on the grounds that the sovereign immunity of the state is a bar to the claims for money damages. The plaintiff argues that sovereign immunity does not apply to the actions of the defendant as alleged in the complaint, or in the alternative that such a claim raises factual issues which cannot be properly decided on a Motion to Dismiss.
The common law principle that the state cannot be sued without its consent has long been recognized in Connecticut. Horton v. Meskill, 172 Conn. 615, 623 (1977). Also because a state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. Id.; Textron, Inc. v. Wood, 167 Conn. 334, 339 (1974) In the absence of legislative authority, Connecticut courts have consistently declined to permit any monetary award against the state or its officials. Fetterman v. University of Connecticut, 192 Conn. 539, 550 (1984); see also Doe v. Heintz, 204 Conn. 17 (1987) and Krozser v. New Haven, 212 Conn. 415 (1989). Statutes in derogation of the sovereignty of the state are strictly construed in favor of the state. Berger, Lehman Associates, Inc. v. State, 178 Conn. 352 (1979).
In cases in which no statute waives sovereign immunity, the resort is to the claims commissioner under Conn. Gen. Stat.4-141 et seq. The claims commissioner is authorized to permit suits to proceed against the state if the commissioner deems the claim to be just and equitable. Conn. Gen. Stat. 4-160(a). There is no allegation or indication that the plaintiff here has pursued this jurisdictional prerequisite.
Rather, the plaintiff argues that his claims brought under42 U.S.C. § 1983 abrogate the common law. But this is simply not correct. Where the immunity claimed by the defendant was well established at common law at the time Section 1983 was enacted, and where its rationale was compatible with the purposes of the Civil Rights Act, the United States Supreme Court has construed the statute to incorporate that immunity. Owen v. Independence, CT Page 4461445 U.S. 622, 638, 100 S.Ct. 1398, 63 L.Ed.2d 673, reh. den.,446 U.S. 993, 100 S.Ct. 2979, 64 L.Ed.2d 850 (1980).
The defendant confuses the concept of sovereign immunity with the concept of governmental immunity. The former applies only to the state or federal government acts as a complete bar to suits claiming money damages against the "sovereign," the purpose being to protect the treasury. The latter applies to the theories of liability against other governmental entities and their agents, and relates to immunity from responsibility for acts or omissions by those entities. While the two concepts have many features in common, they are not congruent, so that cases involving municipalities upon which the defendant relies are inapposite here. Compare Gauvin v. New Haven, 187 Conn. 180 (1982) with Fetterman v. University of Connecticut 192 Conn. 539 (1984). See also Duguay v. Hopkins, 191 Conn. 222 (1983).
The doctrine of sovereign immunity applies in this case and deprives the court of jurisdiction to hear the plaintiff's claims for money damages. Accordingly the defendant's motion to dismiss is granted and the claims for money damages in each count, for payment of a statutory penalty in Count Two, and for reasonable attorney fees in Count Three are dismissed.
PATTY JENKINS PITTMAN, J.