[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Facts
On August 18, 1994, the plaintiff, Ludmil A. Chotkowski, filed a three count substituted complaint against the defendant, the State of Connecticut ("State"), alleging breach of an express contract, detrimental reliance, and breach of an implied contract, arising out of an employment relationship CT Page 1318-V between the two parties.
The General Assembly, pursuant to General Statutes § 4-148(b)[1], enacted Special Act 91-8, which made a finding that the plaintiff "failed to timely file a notice of a claim against the State with the claims commissioner because he was misinformed by a state official and was misled by such official into believing that he had no right of redress against the state for the damages he allegedly suffered." Pursuant to General Statutes § 4-160, the Claims Commissioner, based on the General Assembly's finding, authorized the plaintiff to sue the state.
The State filed a motion to dismiss the substituted complaint for lack of subject matter jurisdiction. In its motion, the State argued that "[t]his action is barred by sovereign immunity since the plaintiff missed the applicable Statute of Limitations. The State also contends that both Conn. Gen. Stat. § 4-148(b) and Special Act 91-8, upon which the plaintiff relies to validate this action, are unconstitutional."
The plaintiff filed a memorandum in objection to the CT Page 1318-W motion to dismiss.
Discussion
The motion to dismiss is the "proper vehicle for claiming any lack of jurisdiction in the trial court." Upsonv. State, 190 Conn. 622, 624-25 n. 4, 461 A.2d 991 (1983). "[W]hen a motion to dismiss does not seek to introduce facts outside the record it . . . admits all well-pleaded facts, the complaint being construed most favorably to the plaintiff."American Laundry Machine, Inc. v. State, 190 Conn. 212, 217,459 A.2d 1031 (1983). The motion "shall always be filed with a supporting memorandum of law, and when appropriate, with supporting affidavits as to facts not apparent on the record."Tamm v. Burns, 222 Conn. 280, 282 n. 2, 610 A.2d 590 (1992).
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." LeConche v. Elligers,215 Conn. 701, 709, 579 A.2d 1 (1990). "A motion to dismiss for lack of subject matter jurisdiction may be made at any time." CT Page 1318-XStroiney v. Crescent Lake Tax District, 205 Conn. 290, 294,533 A.2d 208 (1987). "Lack of jurisdiction, once raised, must be disposed of." Upson v. State, supra, 190 Conn. 625.
"Constitutional issues are not considered unless absolutely necessary to the decision of a case . . . or unless sufficient public interest warrants such a review." State v.DellaCamera, 166 Conn. 557, 560-61, 353 A.2d 750 (1974). In the present case, this court need not address the constitutionality of General Statutes § 4-148(b) because Special Act 91-8 and the plaintiff's allegations contain sufficient facts in his complaint to withstand the constitutional attack.
Special Act 91-8 contains the finding of the General Assembly that "Ludmil Chotkowski failed to timely file a notice of a claim against the state with the claims commissioner because he was misinformed by a state official and was misled by such official into believing that he had no right of redress . . . ."
In paragraph nine of count three of his substituted complaint, the plaintiff alleges, "The State's agent Freric CT Page 1318-Y Rossomando, Connecticut Commissioner of Personnel and Administration misinformed and misled the plaintiff into believing that he had no administrative remedies to pursue his rights, and he relied upon these representations, and was thereby deprived of his right or his rights of appeal and was dissuaded from taking further action." The plaintiff revised his complaint to include this information at the defendant's request, and the defendant has not supplied affidavits to refute these allegations, so they will be taken as true for the purposes of this motion.[2]
"No enactment creating a preference can withstand constitutional attack if the sole objective of the General Assembly is to grant personal gain or advantage to an individual." (Citation omitted.) Chotkowski v. State, ("ChotkowskiII") 213 Conn. 13, 17, 566 A.2d 419 (1989). "Only if an act serves some public purpose can it be constitutionally sufficient."Tough v. Ives, 162 Conn. 274, 292, 294 A.2d 67 (1972).
The last time that this matter came before the Supreme Court, the Court stated, CT Page 1318-Z
 Under circumstances like those in the present case, where a special act has allowed a person named therein to bring a suit based upon a statutory cause of action that would otherwise be barred for failure to comply with a time limit specified in the statute, we have ordinarily been unable to discern any public purpose sufficient to sustain the enactment. . . . [The plaintiff] does not even claim . . . that the state caused the delay in presenting his claim to the claims commissioner, `a situation which would afford strong legislative grounds for legislative interference.' Sanger v. Bridgeport, 124 Conn. 183, 189, 198 A. 746
(1938).
Chotkowski v. State, supra, 213 Conn. 17-18.
In the present action, the plaintiff has alleged that the state caused the delay, and it is that allegation that the CT Page 1318-AA Supreme Court indicated was lacking in Chotkowski II. The plaintiff has alleged facts sufficient to bring his claim within the narrow exception to the constitutional prohibition against "exclusive public emoluments or privileges from the community"; Constitution, Article 1 § 1; specifically, that the state caused the delay.[3]
In Sanger v. Bridgeport, supra, 124 Conn. 185, the plaintiff relied on an assistant city clerk to prepare a notice of a defective sidewalk, and the clerk prepared a deficient notice. The court found that the Special Act allowing the plaintiff to bring her claim after the statute of limitations had passed was constitutional. Id., 189. "In the present case the plaintiff's reply alleges a situation which would afford strong equitable grounds for legislative interference . . . and it is safe and fair to presume that these grounds were considered by the General Assembly and motivated the passage of the special act. Municipalities may be compelled not only to recognize their legal obligations but also to discharge those of an equitable and moral nature." (Citations omitted.) Id. See also, Merly v. State, 211 Conn. 199, 213-14, 558 A.2d 977
CT Page 1318-BB (1989) (reiterating acceptance of the Sanger exception, but finding that state's delay in releasing autopsy report and hospital records did not cause plaintiff's delay in bringing claim); Vecchio v. Sewer Authority, 176 Conn. 497, 507,408 A.2d 254 (1979) (holding that Vecchio unlike Sanger because of lack of evidence showing that plaintiffs were "misled" by the defendant).
The statute of limitations for presentation of the plaintiff's claim has not been set aside "simply because the legislature viewed his claim as meritorious." Chotkowski II,
supra, 213 Conn. 18. Rather, the plaintiff's delay has been excused because the state caused the delay by misleading and misinforming the plaintiff about his opportunity to present his claim.
The plaintiff has pleaded facts that may show, if established that he comes within the exception of the Sanger case, supra.
Whether these facts can be established is a question of fact CT Page 1318-CC to be presented at trial and for the trier of facts to determine.
Therefore, the defendant's motion to dismiss is denied.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT