[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendants, the State of Connecticut and Connecticut Valley Hospital ("CVH") have moved to dismiss this action pursuant to Practice Book Section 10-30 for lack of subject matter jurisdiction.
Statement of Facts and Procedural History
The plaintiffs brought this suit against the State of Connecticut and CVH for monetary damages and injunctive relief. The Complaint alleges that the plaintiffs Stephen G. Borelli and Barbara L. Borrelli own property known as Fairchild Road in Middletown, Connecticut, that the plaintiffs' ownership of the property is subject to various easements on behalf of the State of Connecticut allowing the use and maintenance of water pipes. It further alleges that the defendants violated the easements by failing to restore a tap line to a barn on the plaintiffs' property, that the state obstructed the use of the easements and trespassed upon the plaintiffs' land.
Discussion of the Law and Ruling
The Connecticut Supreme Court has long recognized the common-law principle that the state cannot be sued without its consent. Tamm v.Burns, 222 Conn. 280, 283, 610 A.2d 590 (1992). The Superior court generally lacks authority to hear a claim for monetary damages against the state. That jurisdiction resides by statute solely in the Claims Commissioner. Connecticut General Statutes § 4-142; Krozser v. Cityof New Haven, 212 Conn. 415, 423-24, 562 A.2d 1080 (1989), cert. denied,493 U.S. 1036 (1990); Chotkowski v. State, 213 Conn. 13, 17, 566 A.2d 419
(1989). The Supreme Court has held that "the doctrine of sovereign immunity operates as a bar to subject matter jurisdiction." Bard v. Boardof Trustee os Regional Community Colleges, 207 Conn. 59, 66, 539 A.2d 1000
(1988).
Connecticut General Statutes § 4-165 provides that a claim against CT Page 14670 a state employee for damage or injury, not wanton, reckless or malicious, caused in the discharge of the employee's duties or within the scope of employment shall be presented to the Claims Commissioner as a claim against the state. Connecticut General Statutes § 4-42 provides that claims against the state must be presented to the Claims Commissioner except 1) claims involving payment of disability, pension, retirement or other employment benefits, 2) claims upon which suit otherwise is authorized by law, 3) claims for which there is a statutory administrative hearing procedure, 4) requests by political subdivisions for the payment of grants in lieu of taxes, and 5) claims for tax refunds.
The plaintiffs do not make a claim for employment benefits, there is no administrative hearing available and the claim does not involve taxes. The claims raised by the plaintiffs have not been authorized by law.
The state may waive its immunity from suit only by the enactment of appropriate legislation. Owner-Operated Independent Drivers Ass'n ofAmerica v. State, 209 Conn. 679, 684-85, 553 A.2d 1104 (1989). "The state's sovereign right not to be sued may be waive by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication." Id, at 685. The law requires that the complaint clearly allege facts showing that an exception to sovereign immunity is applicable. Tamm v. Burns, supra,222 Conn. at 284. "Thus in determining the effect of sovereign immunity the focus is on the adequacy of the complaint." Amore v. Frankel,29 Conn. App. 565, 569, 616 A.2d 1152 (1992), citing Tamm v. Burns,supra; Horak v. State, 171 Conn. 257, 261, 368 A.2d 155 (1976). The Complaint in this case contains no reference whatsoever to any exception to sovereign immunity.
The basis of the principle that the state cannot be sued without its consent is that there can be no legal right against the authority that makes the law on which the right depends, and that subjecting the state to private litigation could constitute serious interference with the performance of its functions and control over its instrumentalities, funds and property. Horton v. Meskill, 172 Conn. 615, 623-24, 376 A.2d 259
(1977). In Horton the Supreme Court recognized three circumstances in which suit against the state could be maintained: 1) where the state has consented to suit by legislative enactment; 2) where the action seeks declaratory or injunctive relief and alleges that state officers acted in excess of statutory authority. See Fetterman v. University ofConnecticut, 192 Conn. 539, 553, 473 A.2d 1176 (1984); and 3) where the action is one for declaratory judgment or injunction and involves factual allegations of a constitutional infringement or violation. Acting in CT Page 14671 excess of statutory authority means acting to promote "improper and self-serving motives." Shay v. Rossi, 253 Conn. 134, 173, 749 A.2d 1147
(2000)
The plaintiffs concede that they have not presented this case to the Claims Commissioner, but argue that this is not a suit "primarily for money damages" and that, therefore, they were not required to bring the suit before the Claims Commissioner. They also argue that they have the right to sue the state under the type of common-law waiver of sovereign immunity recognized in United States v. Lee, 106 U.S. 196 (1882) in which former confederate General Robert E. Lee sued to recover land which he claimed had been wrongfully taken from him by the federal government:
 The suit there was against federal officers to recover land held by them, within the scope of their authority, as a United States military station and cemetery. The question at issue was the validity of a tax sale under which the United States, at least in the view of the officers, had obtained title to the property. The plaintiff alleged that the sale was invalid and that title to the land was in him. The Court held that if he was right the defendants' possession of the land was illegal and a suit against them was not a suit against the sovereign. Prima facie, this holding would appear to support the contention of the plaintiff. Examination of the Lee case, however, indicates that the basis of the decision was the assumed lack of the defendants' constitutional authority to hold the land against the plaintiff.
Larson v. Domestic Foreign Corp., 337 U.S. 682, 696 (1949). Emphasis added.
As the United States Supreme Court in Larson pointed out, the basis of the decision in the Lee case was the assumed lack of the defendants' constitutional authority to take his land. The Complaint in the present case does not allege any taking of the plaintiffs' property at all. Instead, the plaintiffs complain because the defendants inadvertently damaged a pipe leading to the barn on their property and have refused to fix it. The plaintiffs claim that this violates easements which allegedly run with the plaintiffs' land in which the state agreed that in exchange for the right to lay and maintain water pipes through the premises of the grantors, the plaintiffs' alleged predecessors in title, the state would provide the grantors with a tap off the main water line installed by the CT Page 14672 state.
In order to constitute a constitutional "taking" of property for which the state does not have sovereign immunity, there must be a "`substantial interference with private property which destroys or nullifies its value or by which the owner's right to its use or enjoyment is in a substantial degree abridged or destroyed.' Textron, Inc. v. Wood, [167 Conn. 334,355 A.2d 307 (1974)], 346." Tamm v. Burns, 222 Conn. 280, 283,610 A.2d 590 (1992). The Complaint in this case fails to allege a constitutional taking. While the plaintiffs characterize this as an action "not primarily for money damages," it is clear that money damages alone, in an amount sufficient to obtain water for the plaintiffs' barn, would provide the plaintiffs with a complete remedy. The plaintiffs should have brought their claims to the Claims Commissioner to recover the aforementioned money damages. Since they did not, this court is without subject matter jurisdiction and the Motion to Dismiss is granted.
By the court,
___________________ Aurigemma, J. CT Page 14673